*194 OPINION OF THE COURT
Per Curiam.
Order entered December 15, 1999 affirmed, with $10 costs.
In this owner occupancy holdover proceeding, we agree that the 120-150-day notice of nonrenewal (9 NYCRR 2524.4 [a] [4]; 2524.2 [c] [3]), served by landlord without knowledge of tenant’s then pending — but since concluded — bankruptcy proceeding, should not be regarded as in conflict with, or voided by, the automatic stay provision of the United States Bankruptcy Code barring “any act to obtain possession of property of the estate” (11 USC § 362 [a] [3]). Such a notice is preliminary only, and merely advises of the landlord’s intent not to renew the lease upon its subsequent expiration. It does not initiate a legal proceeding, purport to obtain possession or exercise control over property of the estate. As we have previously stated in this regard, the notice of nonrenewal “preserves landlord’s inchoate right to maintain a possessory proceeding in the future, but does not effect a termination of the tenant’s leasehold interest, constitute process, or otherwise interfere with the tenant debtor’s property in a manner warranting application of the automatic stay provision” (Village Mgt. v Giddio, NYLJ, Jan. 19, 2001, at 26, cols 5, 6 [App Term, 1st Dept]).
We further note that the tenant, as debtor, was discharged from bankruptcy approximately seven weeks before the lease term expired, and thus any automatic stay was no longer in effect at the time the petition in the owner occupancy proceeding was served.
Parness, P. J., McCooe and Davis, JJ., concur.